**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**NAPLES DIVISION**

RAOUL QUIJANO and JOSE MIRALLES
individually and on behalf of similarly
situated employees who consent to their
inclusion in this action;

       Plaintiffs,

   vs.                          Case No.:

TUFFY ASSOCIATES, CORP.;

       Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiffs, RAOUL QUIJANO AND JOSOE MIRALLES,  individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action; by and through their undersigned counsel, sues, Defendants, TUFFY ASSOCIATES CORP; pursuant to Federal Statute 29 U.S.C. 216 of the Fair Labor Standards Act (the "FLSA") and state as follows:

**PRELIMINARY STATEMENT**

1.  The Plaintiffs, Raoul Quijano and Jose Miralles, (the "Plaintiffs"); bring this action for violation of federal wage and hour laws by and on behalf of all similarly situated current and former employees of Tuffy Associates Corp. ("Defendants" or "TUFFYS").

1

2.  This collective action is to recover from TUFFYS overtime compensation, unpaid wages, liquidated damages, prejudgment interest, and the costs and reasonable attorney's fees under 29 U.S.C. §216(b) on behalf of the Plaintiffs and similarly persons composed of: "Service Technicians"; "Assistant Store Managers"; and "Store Managers" who worked for TUFFYS as employees within the past three years immediately preceding this lawsuit (i.e. July 30, 2010) to the day of trial, and elect to opt-in to this action pursuant to FLSA who were not paid lawful wages and overtime compensation for such time.

3.  In this pleading, the term "Service Technician" means any Plaintiff and all similarly situated hourly employees who have been, are, or in the future will be employed by Defendant under the following titles, or any other position where employees perform substantially the same work as employees with those titles (discovery may reveal additional job titles and employees that should be included):

    a.  'A' Technician
    b.  'B' Technician
    c.  'C' Technician
    d.  mechanic
    e.  service technician
    f.  tire changer
    g.  general service technician
    h.  lead technician

4.  In this pleading, the term Assistant Store Manager ("ASM") means any Plaintiff and all similarly situated hourly employees who have been, are, or in the future will be employed by Defendant as an ASM, or any other position where employees perform substantially the same work as employees with the title ASM (discovery may reveal additional job titles and employees that should be included).

2

5.  In this pleading, the term "Store Manager" means any Plaintiff and all similarly situated employees who have been, are, or in the future will be employed by Defendant under the title Store Manager, or any other position where employees perform substantially the same work as employees with the title Store Manager (discovery may reveal additional job titles and employees that should be included).

6.  Pursuant to policy and plan, the Plaintiffs and similarly situated Service Technicians and Assistant Managers are/were unlawfully required to work "off the clock" in violation of the FLSA, and thereby depriving them of minimum wage payments and overtime compensation for hours worked in excess of forty (40) hours during any given week.

7.  Pursuant to policy and plan, the Plaintiffs and similarly situated Service Technicians are/were unlawfully denied proper value of their overtime compensation by TUFFYS' improper calculation of commission payments with respect to regular rate and overtime rates.

8.  Pursuant to policy and plan, the Plaintiffs and similarly situated Service Technicians and Assistant Managers are/were unlawfully subjected to "time shaving" by management and were unlawfully denied the statutorily protected minimum wage and overtime compensation required by the FLSA.

9.  Pursuant to policy and plan, the Plaintiffs and similarly situated Store Managers are/were unlawfully misclassified as exempt from the overtime provisions of the FLSA by Defendants, but at all times material hereto were and are entitled to overtime compensation.

10. The Plaintiffs and similarly situated Store Managers are/were subject to improper wage deductions.

11. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasion. Plaintiffs reserve all rights to plead in the alternative.

## JURISDICTION and VENUE

12. This Court has original federal question jurisdiction conferred by 28 U.S.C § 1331 because this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et. seq. (the "FLSA").

13. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District.  Venue is proper in this District because there is personal jurisdiction in this District as Defendants have conducted substantial, continuous and systematic commercial activities in this District.

## THE PARTIES

### The Representative Plaintiffs

14. **Plaintiff, RAOUL QUIJANO, ("QUIJANO")** is a resident of Lee County Florida.  QUIJANO was employed as a Assistant Store Manager at the Tuffy's branch in Ft. Myers, Florida (Store #321) since August 2012.  Subsequently, QUIJANO was employed as a Store Manager. At all times material hereto and since he began working for TUFFYS, QUIJANO regularly worked and was required to work 50 to 60 hours per week without proper compensation for all hours worked in excess of forty (40) hours per workweek.

4

15. As an Assistant Store Manager, QUIJANO was required to work "off the clock" and was subject "time shaving" by store management without receiving the required wage and overtime compensation as required by federal law.

16. As a Store Manager, QUIJANO was improperly classified as an employee exempt from the overtime regulations of the FLSA, as his primary duties were not management but rather performing non-exempt work.

17. TUFFYS improperly classified QUIJANO and similarly situated Store Managers as 'exempt' from the overtime requirements of the FLSA because it subjected Store Managers to improper payroll deductions in violation of the 'salary basis test'. *See.* 29 C.F.R. §541.602.

18. **Plaintiff, Jose MIralles, ("MIRALLES")** is a resident of Lee County Florida. MIRALLES was employed as a Service Technician at the Tuffy's branch in Ft. Myers, Florida (Store #321) since May 2012. MIRALLES regularly worked and was required to work 45 to 60 hours per week without proper compensation for all hours worked in excess of forty (40) hours per workweek.

19. As a Service Technician, MIRALLES was required to work "off the clock" and was subject "time shaving" by store management without receiving the required wage and overtime compensation as required by federal law.

20. MIRALLES was denied the proper value of his overtime compensation by TUFFYS' failure to properly include commission and other incentive payments in the calculation of MIRALLES' regular rate for the purposes of overtime compensation.

21. MIRALLES was subjected to retaliatory adverse employment actions up to, including termination as a result of making internal complaints about TUFFYS' improper pay

practices in violation of the overtime compensation provisions contained in 29 U.S.C. 207.

**The Defendants**

22. **Tuffy Associates Corp. ("TUFFYS"),** is a Delaware corporation doing business in the State of Florida where it has been engaged in the business of tire sales and automotive care at elven (11) service locations in Florida.

23. At all times hereinafter mentioned, TUFFYS has engaged in related activities performed through unified operation or common control for a common business purpose; having employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), therefore TUFFYS constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(r) and (s) of the Act (29 USC § 203(r) and (s)).

24. At all times hereinafter mentioned, TUFFYS employed employees, including Plaintiffs who were regularly engaged in handling, receiving, selling or otherwise working with machinery, materials and goods moved in or produced for commerce and other activities involving interstate commerce. Such employees, therefore, have been engaged in commerce within the meaning of Section 3(b) and (j); respectively, of the Act (29 USC § 203(b) and (j)).

25. TUFFYS employed Plaintiffs in the aforesaid enterprise for workweeks longer than 40 hours and failed to compensate them for their employment in excess of 40 hours per

week at a rate of at least one and one-half times the Plaintiffs' regular rate  at which they were employed, contrary to the requirements of Section 7 of the FLSA  and failed to pay them the applicable minimum hourly rate contrary to the requirements of Section 6 and 15(a)(2) of the FLSA.

26. As a result of the underpayments of wages alleged above, TUFFYS is indebted to Plaintiffs the amount of the unpaid wages, overtime compensation and liquidated damages. The complete records concerning the number of hours worked by Plaintiffs and the compensation they received in workweeks in which excess hours were worked, are in the exclusive possession and under the sole custody and control of the Defendant TUFFYS.

## FACTS COMMON TO ALL COUNTS

27. Plaintiffs and similarly situated Store Managers, ASMs and Service Technicians were/are forced to work overtime hours every week.

28. Plaintiffs and all other members of the proposed collective action were employees of TUFFYS within the meaning of Section 29 of the FLSA.

29. In or about April 16, 2013, MIRALLES complained to his District Manager that he was underpaid due to "working off the clock" and "time shaving".

30. Subsequently, MIRALLES was issued a written reprimand on April 17, 2013 and his schedule and income was altered as a result.

## Service Technicians

31. Service Technicians were paid an hourly wage plus a small commission based upon the service work and sales attributable to them during the week.

32.  In order to avoid higher labor costs, TUFFYS management directed Store Managers to employ Service Technicians 'off the clock'.

33. Plaintiffs and similarly situated Service Technicians were 'clocked out' or forced to clock out after reaching their scheduled hours during any given workweek, and directed to continue working 'off the clock' until the jobs were completed.

34. Plaintiffs and similarly situated Service Technicians were subjected to an auto-deduction for a lunch break and were required to clock out during lunch and continue working through lunch.

35. TUFFYS altered employee time records to reduce Service Technicians' reported time sheet hours to eliminate and/or reduce TUFFYS' obligation for overtime compensation.

**Assistant Store Managers**

36. Plaintiffs and similarly situated ASM were an hourly wage plus commissions and a weeks ASM stipend (generally $35.00 extra per week).

37. In order to avoid higher labor costs, TUFFYS management directed Store Managers to employ ASMs 'off the clock'.

38. Plaintiffs and similarly situated ASMs were 'clocked out' or forced to clock out after reaching their scheduled hours during any given workweek, and directed to continue working 'off the clock' until the jobs were completed.

39. Plaintiffs and similarly situated Service Technicians were subjected to an auto-deduction for a lunch break and were required to clock out during lunch and continue working through lunch.

40. TUFFYS altered employee time records to reduce Service Technicians' reported time sheet hours to eliminate and/or reduce TUFFYS' obligation for overtime compensation.

8

41. TUFFYS required ASMs to perform store-opening duties without pay. Before they clocked into the time keeping system, ASMs were required to perform site security inspections, make coffee, perform an end of shift cleaning inspection and boot the computer system among other duties.

42. TUFFYS required ASMs to perform post-liminary duties without pay. ASMs were required to perform bank deposits without compensation (which included driving the ASM's personal vehicle to the bank without reimbursement for travel expenses).

**Store Managers**

43. Plaintiffs and similarly situated Store Managers were paid a weekly salary plus commissions.

44. Plaintiffs and similarly situated Store Managers were misclassified as FLSA 'exempt' employees.

45. Plaintiffs and similarly situation Store Managers were required to work in excess of forty (40) hours per week pursuant to a particularized schedule identifying the start time, end time and number of days per week Store Managers were required to work.

46. Plaintiffs and similarly situated Store Managers were subject to TUFFYS' improper policy and practice to reduce Store Managers' wages and disciplinary practices for Store Managers' deviation/violations of the required schedule based upon the quantity or quality of the work performed.

47. Plaintiffs and similarly situated Store Managers were subject to TUFFYS' improper policy and practice to reduce Store Managers' wages and disciplinary practices for damage to company or client property in the performance of their job.

48. Plaintiffs and similarly situated Store Managers were misclassified as exempt employees because they did not have management as their primary duty.

49. Store Managers lacked authority to hire and/or fire employees; make a determination of employees' wages or make an employee schedule -  as all employment decisions were performed at the district manager level.

50. Eighty percent of Store Managers' time spent in the performance of their job was spent on non-exempt duties.

51. Store Managers lacked authority to implement discretion in the performance of their job.  Store Managers were provided explicit, detailed guidelines, manuals and programs to perform every aspect of their job, including but not limited to when and how to make coffee and listen to voice mail messages.

52. Plaintiffs and similarly situated Service Technicians, ASMs and Store Managers sustained substantial losses from Defendants' failure to properly pay overtime compensation.

**Hours Not Paid for Overtime and Available Records**

53. Evidence reflecting the precise number of overtime hours worked by Plaintiffs and every other member of the Classes, as well as the applicable compensation rates, is in the possession of TUFFYS.

54. However, and to the extent records are unavailable, Plaintiffs and members of the Class may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

55. Upon information and belief, Service Technicians, ASMs and Store Managers who worked for any of the eleven (11) TUFFYS service locations in the State of Florida were

subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

56. At all relevant times, the unlawful conduct described in the foregoing allegations, was knowingly and willfully enacted by Defendants' corporate management who authorized and implemented the above unlawful practices and/or have ratified the actions thereafter in order to enhance corporate profitability, and reduce labor costs.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

57. The Plaintiffs bring these claims for relief for violation of the Fair Labor Standards Act ("FLSA") as a collective action pursuant to 29 U.S.C. § 216(b).

58. Pursuant to 20 U.S.C. § 207, Plaintiffs seek to prosecute the FLSA claims as a collective action on behalf of: "Service Technicians"; "ASMs" and "Store Managers" who worked for TUFFYS as employees within the past three years preceding this lawsuit (i.e.. July 30, 2010) to the day of trial, and elect to opt-in to this action pursuant to FLSA 29 U.S.C. Section 216(b) and who worked in excess of forty (40) hours during one or more weeks but were not paid lawful wages and overtime compensation for such time.

59. Plaintiffs will fairly and adequately protect the interests of each Class and has retained counsel that is experienced and competent in class/collective actions and employment litigation. Plaintiffs have no interests that is contrary to, or in conflict with members of their respective Class.

60. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

61. At all relevant times, Plaintiff MIRALLES and the other Service Technicians are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to TUFFYS' common decisions, policies, plans, practices, procedures, protocols, routines and rules to (1) willfully fail and refuse to pay them at the legally required time and a half rate for work in excess of forty (40) hours per workweek, and (2) willfully fail to maintain adequate employment records as required by the FLSA.  The claims of Plaintiffs stated herein are substantially the same as other Service Technicians.

62. At all relevant times, Plaintiff QUIJANO and the other ASMs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to TUFFYS' common decisions, policies, plans, practices, procedures, protocols, routines and rules to (1) willfully fail and refuse to pay them at the legally required time and a half rate for work in excess of forty (40) hours per workweek, and (2) willfully fail to maintain adequate employment records as required by the FLSA. The claims of Plaintiffs stated herein are substantially the same as other ASMs.

63. At all relevant times, Plaintiff QUIJANO and the other Store Managers are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to TIRE CHOICE's common decisions, policies, plans, practices, procedures, protocols, routines and rules to (1) willfully fail and refuse to pay them at the legally required time and a half rate for work in excess of forty (40) hours per workweek, (2) willfully and inaccurately misclassify them as exempt from overtime compensation even though Defendants were aware that they were non-exempt and entitled to overtime pay, and (3) willfully fail to maintain adequate employment

12

records as required by the FLSA.  The claims of Plaintiffs stated herein are substantially the same as other Store Managers.

64. This matter is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The collective class members of Service Technicians, ASMs and Store Managers are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice of the pendency and any resolution of this action can be provided to Collective Action Members by mail, print, and/or internet publication.

## COUNT I
## OVERTIME DUE UNDER THE FLSA
(On Behalf of Service Technicians)

65. Paragraphs one (1) through sixty-four (64) are re-alleged as if fully set forth herein.

66. At all relevant times, TUFFYS employed and/or continued to employ Plaintiff MIRALLES and each member of the proposed class of Service Technicians within the meaning of the FLSA.

67. As stated herein, Plaintiff MIRALLES and other similarly situated Service Technicians were denied proper overtime compensation for hours worked in excess of forty.

68. TUFFYS knowingly and willfully required Plaintiff MIRALLES and similarly situated Service Technicians to work off the clock after reaching forty (40) hours per week.

69. TUFFYS knowingly and willfully required Plaintiff MIRALLES and similarly situated Service Technicians to work during their lunch breaks.

70. TUFFYS knowingly and willfully altered Plaintiff MIRALLES' and similarly situated Service Technicians' time records to reduce its liability for overtime compensation.

71. At all relevant times, TUFFYS willfully failed to pay Plaintiff MIRALLES and similarly situated Service Technicians overtime compensation at a rate of one and a half times their regular hourly rate for hours worked in excess of forty (40) hours worked in any given workweek.

72. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

73. Due to TUFFYS' FLSA violations, Plaintiff MIRALLES alleges on behalf of the members of the proposed class of Service Technicians that they have suffered damages and are entitled to recover from TUFFYS the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**COUNT II**

**OVERTIME DUE UNDER THE FLSA**

(On Behalf of Assistant Store Managers)

74. Paragraphs one (1) through sixty-four (64) are re-alleged as if fully set forth herein.

75. At all relevant times, TUFFYS employed and/or continued to employ Plaintiff QUIJANO and each member of the proposed class of ASM within the meaning of the FLSA.

76. As stated herein, Plaintiff QUIJANO and other similarly situated ASMs were denied proper overtime compensation for hours worked in excess of forty.

77. TUFFYS knowingly and willfully required Plaintiff QUIJANO and similarly situated ASMs to work off the clock after reaching forty (40) hours per week.

78. TUFFYS knowingly and willfully required Plaintiff QUIJANO and similarly situated ASMs to work off the clock in performing preliminary and post-liminary activities without compensation.

79. TUFFYS knowingly and willfully required Plaintiff QUIJANO and similarly situated ASMs to work during their lunch breaks.

80. TUFFYS knowingly and willfully altered Plaintiff QUIJANO's and similarly situatedASMs' time records to reduce its liability for overtime compensation.

81. At all relevant times, TUFFYS willfully failed to pay Plaintiff QUIJANO and similarly situated ASMs overtime compensation at a rate of one and a half times their regular hourly rate for hours worked in excess of forty (40) hours worked in any given workweek.

82. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

83. Due to TUFFYS' FLSA violations, Plaintiff QUIJANO alleges on behalf of the members of the proposed class of ASMs that they have suffered damages and are entitled to recover from TUFFYS the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT IIII
## OVERTIME DUE UNDER THE FLSA
(On Behalf of Store Managers)

84. Paragraphs one (1) through sixty-four (64) are re-alleged as if fully set forth herein.

85. At all relevant times, TUFFYS employed and/or continued to employ Plaintiff QUIJANO and each member of the proposed class of Store Managers within the meaning of the FLSA.

86. TUFFYS has a policy and practice of refusing to pay overtime compensation to its Store Managers for the hours worked in excess of forty (40) hours per week.

87. Plaintiff QUIJANO and similarly situated members of the proposed class of Store Managers were subject to TUFFYS' improper practice to reduce Store Manager wages based upon the quality or quantity of hours worked.

88. TUFFYS has a policy and practice of misclassifying Plaintiff QUIJANO and similarly situated members of the proposed class of Store Managers as exempt employees and denying them overtime compensation pursuant to the FLSA.

89. Accordingly, Plaintiff QUIJANO and similarly situated members of the proposed class of Store Managers are not and were not exempt under the FLSA.

90. TUFFYS' failure to pay Plaintiff QUIJANO and similarly situated members of the proposed class of Store Managers overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek, is a violation of the FLSA, in particular 29 U.S.C. § 207.

91. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

92. Due to TUFFYS' FLSA violations, Plaintiff QUIJANO alleges on behalf of the members of the proposed class of Store Manager that they have suffered damages and are entitled to recover from TUFFYS the unpaid overtime compensation, and an additional amount

equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT IV
## RETALIATION IN VIOLATION OF FLA. STAT. §448.102 and 29 U.S.C. §215(a)(3)
(On Behalf of MIRALLES)

93. Paragraphs one (1) through sixty-four (64) are re-alleged as if fully set forth herein.

94. On or about April 16, 2013, MIRALLES engaged in protected speech by complaining to the District Manager about TUFFYS' violations of the FLSA by failing to properly compensating MIRALLES for all hours worked, and failure to pay overtime compensation.

95. On or about April 17, 2013 MIRALLES was issued a written reprimand for pre-textual attendance allegations.

96. TUFFYS' unlawful conduct has caused and continues to cause, and will continue to cause MIRALLES to suffer substantial damages.

97. TUFFYS' unlawful conduct is in violation of Fla. Stat. §448.102 *et. seq.*

98. TUFFYS' unlawful conduct is in violation of 29 U.S.C. §215(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, and on behalf of all similarly situated Service Technicians, ASMs and Store Managers whom the Plaintiffs seek to represent in this action, request the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b.  Certification of this action as a collective action brought pursuant to 29 U.S.C §216(b);

c.  Designation of Plaintiff MIRALLES as representative of the FLSA Collective Action on behalf of Service Technicians;

d.  Designation of Plaintiff QUIJANO as representative of the FLSA Collective Action on behalf of ASMs;

e.  Designation of Plaintiff QUIJANO as representative of the FLSA Collective Action on behalf of Store Managers;

f.  That Plaintiffs be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present Service Technicians, ASMs and Store Managers during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance by Court supervised notice;

g.  That the Court find the Defendant violations of the FLSA were willful;

h.  That the Court award the Plaintiffs and all similarly situated employees, overtime compensation for previous hours worked in excess of forty (40), for any given week during the past three (3) years in amounts to be determined at trial, AND liquidated damages of an equal amount to the unpaid overtime compensation;

i.  Costs of action incurred herein, including expert fees;

j. Attorneys fees, including fees pursuant to 29 U.S.C. §216 and other applicable statutes;

k. Award Plaintiff MIRALLES economic damages including back pay, front pay, loss of employment benefits from the date of the retaliatory activity, and payment of reasonable attorneys fees pursuant to Fla. Stat. §448.102 *et. seq.* and 29 U.S.C. §215;

l. Pre-judgment and post-judgment interest as provided by law; AND

m. Any other legal and equitable relief as this Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this 29th day of July, 2013.

Respectfully Submitted,

/s/ Benjamin L. Williams
BENJAMIN L. WILLIAMS, ESQ.
Florida Bar No. 0030657
FELDMAN, MORGADO PA
10151 Deerwood Park Blvd,
Bldg 200, Suite 250
Jacksonville, FL 32256
904-240-4300 Phone
904-800-1188 Fax
Email: bwilliams@ffmlawgroup.com

Trial Counsel and Attorneys for the
Representative Plaintiffs., and the Putative
Classes

s/Benjamin L. Williams
Benjamin L. Williams, Esq.

19

FL Bar No:  0030657