UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAOUL QUIJANO and JOSE
MIRALLES, individually and on behalf of
similarly situated employees who
consent to their inclusion in this action

       Plaintiffs,

v.                                                                       Case No: 2:13-cv-573-FtM-38CM

TUFFY ASSOCIATES CORP.,

       Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendant's Motion to Dismiss Opt-In Plaintiffs and to Strike Collective Action Allegations from Plaintiffs' Complaint ([Doc. 36](#)) filed on August 1, 2014. Although given the opportunity, Plaintiffs did not timely file a response in opposition. This matter is now ripe for review.

### Background

On August 5, 2013, Plaintiffs Raoul Quijano and Jose Miralles initiated this action individually and on behalf of similarly situated employees against a Fort Myers branch of Tuffy Associates Corporation ("Tuffy"). Quijano and Miralles filed a four count collective action complaint pursuant to the Fair Labor Standard Act ("FLSA"). The complaint alleges Quijano and Miralles were not properly compensated for the hours worked in

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

excess of 40 hours per workweek. (Doc. 1, at ¶¶14, 18).The counts in the complaint are Overtime Due under the FLSA on Behalf of Service Technicians (Count I); Overtime Due under the FLSA on Behalf of Assistant Store Managers (Count II); Overtime Due under the FLSA on Behalf of Store Managers (Count III);[2] and Retaliation in Violation of Fla. Stat. § 448.102 and 29 U.S.C. § 215(a)(3) (Count IV).

On August 19, 2013, Plaintiffs and six additional current and former employees of Tuffy filed consent forms to join the collective action. (Doc. 7). On November 18, 2013, three additional current and former employees filed consent forms to join the collective action. (Doc. 20).[3] Therefore, this case now includes nine opt-in plaintiffs.

The Court issued a Case Management and Scheduling Order. (Doc. 33). In this order the Court created a July 1, 2014, deadline for motions to add parties or to amend pleadings. (Doc. 33, at 1).

## Discussion

Tuffy argues all opt-in plaintiffs should be dismissed from this action and all collective action allegations stricken from the complaint because Quijano and Miralles failed to timely seek conditional certification or amend the complaint. Tuffy asserts the July 1, 2014, motions to add parties or to amend pleadings deadline has passed. Tuffy therefore argues Quijano and Miralles failed to trigger the two-tier analysis for determining whether opt-in plaintiffs are similarly-situated for the purposes of Section 16(b) of the FLSA, which is the established mechanism for pursuing plaintiffs' claims on a collective basis. Tuffy asserts Quijano and Miralles have effectively abandoned the only mechanism available for adjudicating their claims on a collective basis. Therefore,

---

[2] The complaint actually labels this Count as "IIII" but the Court assumes this is a scrivener's error.
[3] Although Plaintiff's November 18, 2013, Notice states four individuals consent to join this action, only three consent forms were attached to the Notice.

Tuffy asserts the opt-in plaintiffs should be dismissed from this action without prejudice and the complaint should be stricken to the extent it contains allegations relating to any individuals other than the two named plaintiffs. Tuffy supports its arguments by citing to McGlathery v. Lincare, Inc., among other cases. McGlathery v. Lincare, Inc., No. 8:13-cv-1255-T-23TBM, 2014 WL 1338610 (M.D. Fla. 2014).

The Court agrees with Tuffy. In this case, the time for conditional certification has passed. Gallender v. Empire Fire and Marine Ins. Co., No. 5:05cv220-DCB-JMR, 2007 WL 325792 (S.D. Miss. 2007) ("Since the deadline for filing a motion for joinder has passed, so too has the plaintiff's ability to file for certification of a collective action."); see generally McGlathery, 2014 WL 1338610 at *3. Quijano and Miralles have evidenced a lack of intent to move for conditional certification, amend their pleadings, and the like. Id. at *1 ("Although [plaintiff] states a willingness to amend the complaint, [plaintiff] neither moved to amend the complaint nor demonstrated (in accord with Rules 15 and 20) a justification for an amendment."). After all, Quijano and Miralles failed to respond to this instant motion. Since conditional certification is no longer possible and Quijano and Miralles failed to move to amend the complaint, the opt-in plaintiffs are due to be dismissed without prejudice and the collective action allegations are due to be stricken from the complaint. Id. at *3.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Opt-In Plaintiffs and to Strike Collective Action Allegations from Plaintiffs' Complaint (Doc. 36) is **GRANTED**. The opt-in plaintiffs (Doc.

7; Doc. 20) are **DISMISSED without prejudice**. The collective action allegations are **STRICKEN** from the complaint. (Doc. 1).

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of August, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record