UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAOUL QUIJANO and JOSE
MIRALLES, individually and on
behalf of similarly situated employees
who consent to their inclusion in this
action

        Plaintiffs,

v.                                    Case No:   2:13-cv-573-FtM-38CM

TUFFY ASSOCIATES CORP.,

        Defendant.

## REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Joint Motion for Approval of Settlement Agreements and Entry of Order of Dismissal (Doc. 42), filed on April 23, 2015. The parties included the settlement agreements with the filing. Doc. 42-1; Doc. 42-2. Plaintiffs, Raoul Quijano and Jose Miralles, request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. For the reasons set forth herein, the Court recommends that settlement be **APPROVED**.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act. *Lynn's Food Store, Inc. v. United States*,

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation they promptly may file a joint notice of no objection.**

679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiff Quijano worked for Defendant as an Assistant Manager/Technician from August 2012 – January 2013. Docs. 19-1 at 2. From January 2013 to May 2013, Plaintiff Quijano worked as a Store Manager for Defendant. *Id.* Plaintiff Miralles worked for Defendant as a General Service Technician from May 2012 through August 2013. Doc. 19-2 at 1. Plaintiffs sought

damages for unpaid overtime compensation, unpaid wages, liquidated damages and prejudgment interest. Doc. 1 at 2. Plaintiff Quijano originally calculated the amount owed to him as $10,368.08. Doc. 19-1 at 3. Plaintiff Miralles calculated the amount owed to him as $9,464.15. Doc. 19-2 at 3. As a reasonable compromise of the disputed issues, the Defendant has agreed to pay to Plaintiff Quijano the sum of $3,815.00 for unpaid wages and liquidated damages and $6,185.00 in attorneys' fees and costs. Defendant also has agreed to pay Plaintiff Miralles the sum of $3,815.00 for unpaid wages and liquidated damages and $6,185.00 in attorneys' fees and costs. Doc. 42-1 at 2-3; Doc. 42-2 at 2-3.

Plaintiffs agreed to accept less than the amount claimed because the parties sought to discharge any and all claims brought or which could have been brought by the parties. *Id.* Additionally, the parties sought to avoid the additional expense or inconvenience associated with further proceedings between the parties. Doc. 42-1 at 5; Doc. 42-2 at 5. Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements of half or less of the amount claimed in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation, as the parties have recognized here. *See e.g., Diaz v. Mattress One, Inc.,* 2011 WL 3167248, at *1 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, the Defendant further agrees to pay Plaintiffs' attorneys' fees. Doc. 42 at 4-5. The parties assert that the amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery. *Id.* Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs. Doc. 42 at 4-5. Thus, having reviewed the settlement documentation, the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1. The Joint Motion for Approval of Settlement Agreements and Entry of Order of Dismissal (Doc. 42) be **GRANTED**, and the Settlement Agreements (Docs. 42-1 and 42-2) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

  2. The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

  **DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of May, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record